# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE:     ALINA RENE JONES | CASE NO.   10-50842-NPO |
| DEBTOR(S) | CHAPTER   7 |

### UNITED STATES TRUSTEE'S MOTION TO EXAMINE REASONABLENESS OF FEE OR FOR OTHER RELIEF

COMES NOW R. Michael Bolen, United States Trustee for Region 5 ("UST"), by and through undersigned counsel, pursuant to 11 U.S.C. § 110, and files this Motion to Examine Reasonableness of Fee or For Other Relief in the above styled and numbered cause, and in support thereof will respectfully show the following:

#### I. JURISDICTION AND STANDING

1.     This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, 11 U.S.C. § 110 and the order granting automatic reference to this court. This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b).

2.     The UST has standing to bring this motion pursuant to 11 U.S.C. §§ 110 and 307.

#### II. FACTS

3.     On April 12, 2010, Alina Rene Jones ("DEBTOR(S)") filed a *pro se* petition for relief pursuant to 11 U.S.C. chapter 7.[1] Kimberly R. Lentz was appointed chapter 7 case trustee and continues to serve in that capacity.

4.     The Debtor's schedules reflect that the Debtor was assisted by Laurie Crilly

---

[1]     On April 14, 2010, the Court entered its order granting the Debtor's Application to Pay Filing Fee in Installments (DKT. #12).

1

("CRILLY") in preparing the petition, schedules and statements that were filed in this case. DKT. #10.

5. Crilly is a "bankruptcy petition preparer" within the meaning of 11 U.S.C. § 110(a) and conducts business at 2402 Country Club Drive, Pearland, Texas 77581.

6. The Debtor's schedules show that the Debtor agreed to pay Crilly $149.00 for the preparation of the Debtor's petition, schedules and statements or for her assistance in preparing the Debtor's petition, schedules and statements. DKT. #10. According to the Disclosure of Compensation of Bankruptcy Petition Preparer, the Debtor paid $0.00 to Crilly before the petition was filed. *Id.*

### III. CRILLY'S FEE IS EXCESSIVE.

7. 11 U.S.C. § 110(h)(3)(A)(i) provides, "The court shall disallow and order the immediate turnover to the bankruptcy trustee of a fee referred to in paragraph (2) found to be in excess of the value of the services rendered by the bankruptcy petition preparer during the 12-month period immediately preceding the filing of the petition."

8. Section 110 of the Bankruptcy Code restricts bankruptcy petition preparers to rendering only "scrivening/typing" services. A bankruptcy petition preparer may only type information that a debtor expressly and unequivocally indicates should be entered on each section of the bankruptcy petition, schedules, or any other bankruptcy document. *In re Guttierez*, 248 B.R. 287, 297-98 (Bankr. W.D. Tex. 2000).[2]

---

[2] Bankruptcy petition preparers are limited to performing typing services and may not provide legal advice.

9. Given that Crilly may only be compensated for "typing," a fee of $149.00 is excessive and should be reduced accordingly. *See In re Doser*, 292 B.R. 652, 661) (D. Idaho 2003), *aff'd*, 412 F.3d 1056 (9th Cir. 2005) (bankruptcy court did not abuse its discretion in limiting petition preparer's fee to $100.00 for a simple straightforward consumer chapter 7 case); *In re Guttierez*, 248 B.R. at 298 (reasonable fee for transcription services performed on a pro se debtor's behalf cannot exceed $50.00); *In re Moore*, 283 B.R. 852, 859 (Bankr. E.D.N.C. 2002) ($80.00 is a reasonable fee for services provided by petition preparer).

### IV. CRILLY'S FEE IS A PREPETITION DEBT AND SHOULD BE DISCHARGED.

10. According to the Disclosure of Compensation of Bankruptcy Petition Preparer, the Debtor paid $0.00 to Crilly before the petition was filed. DKT. #10. Therefore, Crilly's fee is a prepetition debt and should be subject to discharge with the Debtor's other unsecured debts. *See Rittenhouse v. Eisen*, 404 F.3d 395, 396 (6th Cir. 2005) (holding pre-petition attorney fees dischargeable); *In re Mansfield*, 394 B.R. 783, 787 (Bankr. E.D. Pa. 2008) ("debts *solely* for prepetition legal services are dischargeable under 11 U.S.C. § 727(b).").

### V. CONCLUSION

11. The UST respectfully submits that the fee agreement between the Debtor and Crilly is excessive and should be reduced accordingly. Any funds paid to Crilly in excess of the amount, if any, ultimately determined by the Court to be reasonable under the circumstances should be paid to the chapter 7 trustee.

12. In the alternative, the UST respectfully requests that the Court find Crilly's fee to be a prepetition debt and subject to discharge as an unsecured debt.

WHEREFORE, PREMISES CONSIDERED, the UST submits this Motion to Examine

Reasonableness of Fee or For Other Relief and prays that the Court will enter an order granting same. The UST further prays for all general and equitable relief to which entitled.

RESPECTFULLY SUBMITTED, this the 6th day of July, 2010.

>R. MICHAEL BOLEN
>United States Trustee
>Region 5, Judicial Districts
>of Louisiana and Mississippi
>
>By: /s/ Christopher J. Steiskal
>CHRISTOPHER J. STEISKAL

CHRISTOPHER J. STEISKAL (MSB #101654)
TRIAL ATTORNEY
U.S. DEPARTMENT OF JUSTICE
OFFICE OF THE U.S. TRUSTEE, REGION 5
100 WEST CAPITOL STREET, SUITE 706
JACKSON, MISSISSIPPI  39269
TEL:  (601) 965-5241
FAX:  (601) 965-5226
EMAIL:  christopher.j.steiskal@usdoj.gov

## CERTIFICATE OF SERVICE

I, CHRISTOPHER J. STEISKAL, do hereby certify that a copy of the foregoing pleading has been served this day on the below named individual(s) via first class U.S. Mail at the address listed below or by Notice of Electronic Filing via the email address on file with the court's CM/ECF system:

Alina Rene Jones
916 Combel Street
Waveland, MS  39576

Laurie Crilly
Post Office Box 1401
American Fork, UT  84003

Kimberly R. Lentz
TRUSTEE
2012 23rd Avenue
Gulfport, MS  39502

DATED, this the 6th day of July, 2010.   /s/Christopher J. Steiskal
CHRISTOPHER J. STEISKAL

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:       ALINA RENE JONES                           CASE NO.    10-50842-NPO

             DEBTOR(S)                                  CHAPTER     7

## ORDER

THIS DAY THIS CAUSE came on for hearing on the United States Trustee for Region 5's ("UST") Motion to Examine Reasonableness of Fee or For Other Relief (DKT. #____). After fully reviewing this matter, the Court is of the opinion that the motion is well taken and should be granted; therefore,

**IT IS ORDERED** that the UST's Motion to Examine Reasonableness of Fee or For Other Relief (DKT. #____) is hereby granted.

**SO ORDERED**.

**SUBMITTED BY:**
*/s/Christopher J. Steiskal*
CHRISTOPHER J. STEISKAL (MSB #101654)
TRIAL ATTORNEY, OFFICE OF THE U.S. TRUSTEE, REGION 5
100 WEST CAPITOL STREET, SUITE 706
JACKSON, MS  39269
TEL:  (601) 965-5241